## In Re López.

Proceedings to cancel certificate of admission to practice law.

No. 2.—Decided May 7, 1909.

Admission to the Bar—False Statements Made in the Application—Cancellation of Certificate to Practice Law.—The petitioner having sworn falsely on affidavit, in order to be admitted to the practice of law, that he had commenced his studies at the University of Valparaiso, State of Indiana, on January 19, 1906, and it appearing that, according to a letter from the president of said university, he was matriculated therein on January 22, 1907, the court, after giving him a hearing in his own defense, decided to annul its decision admitting him to the practice of law, and ordered that his name be stricken from the roster of attorneys.

The facts are stated in the decision.

The defendant appeared in person.

Julián López filed an application in this Supreme Court on October 14, last year, for admission to the practice of the profession of law, accompanied by a sworn affidavit which, among other statements, set forth that he had pursued the study of law in the University of Valparaiso, in the State of Indiana, United States of America, having commenced said studies on January 19, 1906.

The petitioner submitted also a diploma or degree of bachelor of law issued by said university on June 3, 1908.

In consideration of the said documents on which López based his application, this court rendered a decision on October 30, admitting him to the practice of the profession of law, and he took his oath on the 4th of November following, at which time he deposed before this court that he had commenced his studies in the University of Valpariaso on January 19, 1906.

From a letter from the president of the University of Valparaiso it appears that Julián López was matriculated in the said university on January 22, 1907, and graduated on June 3 of the following year.

López having been required by order of this court of January 15, last, to show cause why the statement contained in the letter to which reference has been made should not be accepted as true, after admitting that he had actually been entered officially upon the students' roll of the University of Valparaiso under date of January 22, 1907, he stated that it was also true that he had commenced the study of law in the same city in the office of Attorney Fetterer in January of 1906, and in support thereof he presented a certificate issued on February 25, last, by Attorney Franklin J. Fetterer of Valparaiso, which, however, does not show that López pursued the study of law under the direction of this lawyer.

Julián J. López obtained a degree of bachelor of law at the University of Valparaiso in the State of Indiana on June 3, 1908, but has not proven that he commenced his studies at said university on January 19, 1906, neither has he proven that he commenced his studies on this date under the direction of Attorney Franklin J. Fetterer, as he alleged after having been informed of the letter from the president of said university, which is in open contradiction to his statements made before this tribunal.

The decision of this court of October 30 of last year admitting López to the practice of the profession of law and to his taking the necessary oath for the purpose, is based on the supposititious falsehood that he had commenced his studies at the University of Valparaiso, State of Indiana, on January 19, 1906, or prior to January 31, 1907, the date on which went into effect the act approved March 8, 1906, "to regulate the practice of the profession of law in Porto Rico," and Julián López cannot be considered as included among the persons mentioned in section 11 of said law, but must be considered as included under section three, which provides that he must submit to a written examination on the subjects set out in said section.

For the reasons stated the decision rendered by this court on October 30 last year, admitting Julián J. López to the prac-

tice of the profession of law, is annulled, and his name is stricken from the roster of attorneys admitted to practice the profession in this court and other insular courts, and it is ordered that this decision be communicated to the district courts with instructions that they in turn communicate it to the other lower courts of their respective districts.

*Decided accordingly.*

Chief Justice Hernández and Justices Figueras, MacLeary, Wolf and del Toro concurred.